# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PETER GABIOLA, on behalf of himself and all other similarly situated individuals,<br><br>        Plaintiff,<br><br>v.<br><br>MUGSHOTS.COM, LLC, a Delaware Limited Liability Company; JOKULSA LAEKUR LLC d/b/a "Mugshots.com"; JULKISUUDESSA, LLC; OPENBARE DIENST INTERNATIONALE, LLC; UNPUBLISH, LLC, an Australia Limited Liability Company; UNPUBLISH, LLC, a Florida Limited Liability Company; UNPUBLISH, LLC, a Wyoming Limited Liability Company; HAMMERMILL & MASTERSON LLC d/b/a Unpublisharrest.com, a Wyoming Limited Liability Company; HAMMERMILL & MASTERSON LLC d/b/a Unpublisharrest.com, a Florida Limited Liability Company; WILLIAM FOWLER; THOMAS KEESEE; MARC GARY EPSTEIN; GARY DECKER; AXEL OSTLUND; CHARLES WINSLOW; MICHAEL ROBERTSON a/k/a MICHAEL J. ROBERTSON; ARI EPSTEIN; and UNPUBLISHING SERVICES, LLC, a Wyoming Limited Liability Company,<br><br>        Defendants. | No. 14-cv-9351<br><br>Honorable Judge<br>Charles Norgle |

## MOTION TO DISMISS OF DEFENDANTS
## THOMAS KEESEE, MARC GARY EPSTEIN
## AND HAMMERMILL & MASTERSON, LLC

Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, Defendants THOMAS KEESEE ("Keesee"), MARC GARY EPSTEIN ("Epstein") and HAMMERMILL & MASTERSON LLC, a Wyoming Limited Liability Company ("Hammermill"), collectively the "Moving Defendants," respectfully move this Court for an order dismissing Defendants Thomas Keesee and Marc Gary Epstein from this case for lack of

personal jurisdiction and dismissing the First Amended Class Action Complaint at Law and Equity (Doc. 23) (the "Amended Complaint") as to all the Moving Defendants for lack of subject matter jurisdiction and, alternatively, for failure to state a claim upon which relief can be granted. In support of this motion, the Moving Defendants state as follows:

1. Defendants Thomas Keesee and Marc Gary Epstein are entitled to be dismissed from this case for lack of *in personam* jurisdiction, because Messrs. Keesee and Epstein are citizens of Florida who lack contacts with Illinois sufficient to allow this Court to assert jurisdiction over them with respect to this case.

2. In addition, the Moving Defendants are entitled to a dismissal of the Amended Complaint and this case, as explained below, because the Court lacks subject matter jurisdiction and the Amended Complaint fails to state a claim upon which relief can be granted.

3. The Court lacks subject matter jurisdiction, because the Amended Complaint does not allege that Plaintiff has suffered an injury-in-fact (no judicially redressible, concrete injury to a legally protected interest of Plaintiff is alleged). As a consequence, the constitutional minimum requirements for Plaintiff's standing (and Article III jurisdiction) have not been satisfied.

4. This Court also lacks subject matter jurisdiction for the separate and additional reason that the Amended Complaint does not allege a valid basis for original diversity jurisdiction pursuant to 28 U.S.C. § 1332. The attempted allegation of diversity jurisdiction under Section 1332(a) fails because neither the required jurisdictional amount ($75,000) nor the existence of complete diversity of citizenship is alleged. The Amended Complaint also attempts to assert diversity jurisdiction under Section 1332(d), enacted as part of the Class Action Fairness Act, by asserting (through a purported aggregation of class member claims) that the

matter in controversy exceeds $5,000,000. The allegations regarding the amount supposedly in controversy are a sham in that the suggested amounts have no legal or factual nexus to the substantive claims alleged in the Amended Complaint and, thus, have no relationship in fact, law or logic to the matter in controversy.

5.  The Amended Complaint, in any case, fails to state a claim for which relief may be granted because of pervasive "block" or "group" pleading -- insufficient under *Twombly*[1] and *Iqbal*[2] and prohibited by Seventh Circuit precedent. Block pleading effectively denies Defendants notice of the claims against them and provides no meaningful information about what any particular defendant supposedly did. That deficiency by itself requires dismissal.

6.  Apart from the pervasive (and dispositive) "block pleading" defect, the Amended Complaint also fails to allege facts sufficient to state a claim under any of the substantive statutes relied upon -- Illinois Right of Publicity Act (Count I), the Illinois Consumer Fraud Act (Counts II and III), the Florida Right of Publicity Act (Count IV) and the Florida Consumer Fraud Act (Count V).

7.  Finally, Counts II, III and V (the consumer fraud counts) of the Amended Complaint must be dismissed for the additional reason that Plaintiff did not plead fraud with particularity as required by Rule 9(b) and does not meet the applicable statutory standing requirements.

8.  This Motion is supported by a separately filed Memorandum in Support of Motion to Dismiss and by the allegations of the Amended Complaint.

WHEREFORE, Defendants THOMAS KEESEE, MARC GARY EPSTEIN, and HAMMERMILL & MASTERSON LLC (a Wyoming Limited Liability Company) respectfully

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).
[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

request that the Court dismiss the Amended Complaint, and this case with prejudice: (1) as to Defendants THOMAS KEESEE and MARC GARY EPSTEIN for lack of *in personam* jurisdiction and (2), as to all Moving Defendants, for (a) lack of subject matter jurisdiction under Article III, (b) lack of subject matter jurisdiction under 28 U.S.C. § 1332, (c) failure to state a claim because of improper block pleading, (d) failure to state claims under any of the substantive statutes relied upon, and (e) failure to sufficiently plead consumer fraud.

Dated: June 19, 2015          Respectfully submitted

         /s/ Michael A. Stick
         One of the Attorneys for These Defendants

Michael A. Stick
Emily G. Rottier Goebel
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Suite 1800
Chicago, IL 60602-4257
Telephone: 312-444-9660
Facsimile: 312-444-9286

and

Adam D. Grant
Dickinson Wright PLLC
500 Woodward Ave., Suite 4000
Detroit, Michigan 48226

526895v1