IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER GABIOLA, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 14 CV 9351 |
| | ) |
| v. | ) Hon. Charles R. Norgle |
| | ) |
| MUGSHOTS.COM, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Motion to Dismiss of Defendants Thomas Keesee, Marc Gary Epstein and Hammermill & Masterson, LLC [33] is granted in part and denied in part. Plaintiff's Motion to Stay Briefing on Certain Defendants' Motion to Dismiss, for Jurisdictional Discovery, for Rule 5.1 Certification, and for Other Relief [41] is denied. Plaintiff is granted leave to file a Second Amended Complaint on or before November 20, 2015.

## STATEMENT

Lead Plaintiff Peter Gabiola ("Plaintiff"), on behalf of a putative class composed of himself and all others similarly situated, brings his claim against Mugshots.com, LLC ("Mugshots"); Jokulsa Laekur LLC d/b/a Mugshots.com ("Jokulsa"); Julkisuudessa, LLC ("Julkisuudessa"); Openbare Dienst Internationale, LLC ("Openbare"); Unpublish, LLC, an Australia limited liability company ("LLC") ("Unpublish-Aus"); Unpublish, LLC, a Wyoming LLC ("Unpublish-Wyo"); Unpublish, LLC, a Florida LLC ("Unpublish-Fla"); Hammermill & Masterson LLC d/b/a unpublisharrest.com, a Wyoming LLC ("Hammermill-Wyo"); Hammermill & Masterson d/b/a unpublisharrest.com, a Florida LLC ("Hammermill-Fla"); Unpublishing Services, LLC ("Unpublishing") (collectively, the "LLC Defendants"); William Fowler ("Fowler"); Thomas Keesee ("Keesee"); Marc Gary Epstein ("Epstein"); Gary Decker ("Decker"); Axel Ostlund ("Ostlund"); Charles Winslow ("Winslow"); Michael Robertson a/k/a Michael J. Robinson ("Robinson"); and Ari Epstein ("Ari") (collectively, the "Individual Defendants") (Individual Defendants and LLC Defendants are referred to collectively as "Defendants"). Before the Court are two motions: Keesee's, Epstein's, and Hammermill-Wyo's (the "Motion Defendants") motion to dismiss and Plaintiff's motion to conduct jurisdictional discovery and for certification under Federal Rule of Civil Procedure 5.1.[1] For the following reasons, the Motion Defendants' motion is granted in part and denied in part and Plaintiff's motion is denied.

As the purpose of a motion to dismiss is to test the plausibility of the pleadings, not the merits, the Court accepts as true all well-pleaded facts, and draws all reasonable inferences in Plaintiff's favor. See Runnion ex rel. Runnion v. Girl Scourts of Greater Chi. & Nw. Ind., 786 F.3d 510, 526 (7th Cir. 2015); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In his Amended Complaint, Plaintiff alleges that Defendants conspired to violate several

---

[1] The Motion Defendants concede the constitutionality of the state statutes at issue; the Court will not discuss further Defendants' compliance with Rule 5.1.

consumer fraud and right-of-publicity laws in Illinois and Florida. Specifically, Plaintiff alleges that Defendants procured information pertaining to individuals arrested in Illinois and elsewhere via public records and posted the information—including mugshots—on one of Defendants' websites, mugshots.com. Whether public records are the exclusive source of the information is thus far not challenged.

Plaintiff complains further that if an arrested individual wants to remove his mugshot from the website, he must click on the "unpublish mugshot" link on the arrest-information page, which takes him to either the site "unpublish.com" or "unpublisharrest.com" (collectively, the "Unpublish Websites") (mugshots.com and the Unpublish Websites are collectively referred to as the "Subject Matter Websites"). Once at one of the Unpublish Websites, the individual can pay a fee to receive a 24-hour license to unpublish the information from mugshots.com. Plaintiff alleges that, in actuality, mugshots.com and the Unpublish Websites are owned and controlled by Defendants, notwithstanding the websites' appearances of independence. Plaintiff claims that Defendants' conspiracy to sell licenses to unpublish arrest data violates (1) the Illinois Right of Publicity Act, 765 Ill. Comp. Stat. 1075/30 ("IRPA"); (2) the Illinois Consumer Fraud Act, 815 Ill. Comp. Stat. 505/2QQQ ("ICFA"); (3) the Florida Right of Publicity Act, Fla. Stat. § 540.08 ("FRPA"); and (4) the Florida Consumer Protection Act, Fla. Stat. § 501.204 *et seq.* ("FCPA").

So far, Keesee, Epstein, Hammermill-Wyo, Openbare, Unpublish-Aus, Ari, Robertson, Hammermill-Fla, Unpublish-Fla, and Unpublishing have all accepted service. Subsequently, the Motion Defendants filed a motion to dismiss for lack of subject matter jurisdiction, personal jurisdiction over Keesee and Epstein, and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6). The Motion Defendants did not include any external evidence in support of their lack-of-personal-jurisdiction argument. Instead of responding to the motion, Plaintiff filed a motion asking the Court to stay briefing on the motion to dismiss and for leave to conduct jurisdictional discovery before responding to the motion to dismiss. In their response to Plaintiff's discovery motion, the Motion Defendants argue that, "This is not a case where sufficient facts for *in personam* jurisdiction are alleged and the factual accuracy of those allegations is being controverted and, thus, not a case where jurisdictional discovery is warranted." See Opp'n Pl.'s Mot. Stay Br. Mot. Dismiss & Other Relief 6 [hereinafter "Opp'n"]

When considering a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the Court accepts as true all well-pleaded facts in the complaint. Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003) [hereinafter Purdue]. Initially, the plaintiff is not required to plead facts in his complaint that demonstrate the Court's personal jurisdiction over the defendants. Steel Warehouse of Wisc., Inc. v. Leach, 154 F.3d 712, 715 (7th Cir. 1998). Once defendants bring in additional evidence and move to dismiss for lack of personal jurisdiction, however, the plaintiff must make a *prima facie* case for personal jurisdiction. Purdue, 338 F.3d at 782. Once the plaintiff creates a genuine dispute regarding the court's exercise of personal jurisdiction over the defendants, then the plaintiff can move the court for leave to conduct jurisdiction discovery in anticipation of an evidentiary hearing. See Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reins. Co., Inc., 440 F.3d 870, 876 (7th Cir. 2006).

Here, Plaintiff is not entitled to conduct jurisdictional discovery because it is unnecessary—there are no jurisdictional facts in dispute. In their opposition to Plaintiff's discovery motion, the Motion Defendants state that "[t]here are no allegations to be controverted by affidavits or supported by discovery." Opp'n 6. Because there is no factual dispute and no external evidence supporting or opposing personal jurisdiction over Keesee and Epstein, the Court will apply the law to the facts as stated in the complaint.

The Motion Defendants challenge the Court's personal jurisdiction over Keesee and Epstein, and aver that the Court has no personal jurisdiction over them because there are no allegations

2

directed toward them personally, that they are members of the LLC Defendants, and that under laws limiting liability of the LLCs' owners, any exercise of jurisdiction over them is inappropriate. The Motion Defendants do not challenge the Court's exercise of jurisdiction over Hammermill-Wyo, and thus concede that the Court has personal jurisdiction over that LLC. Accordingly, the issue is whether the Court has personal jurisdiction over Keesee and Epstein, by virtue of their relationship with Hammermill-Wyo.

The parties and the Court agree that the Court has personal jurisdiction over Defendants if an Illinois Court would have jurisdiction. See RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1275 (7th Cir. 1997). Illinois' long-arm statute is conterminous with the due process considerations within the United States Constitution. See Klump v. Duffus, 71 F.3d 1368, 1371 (7th Cir. 1995); 735 Ill. Comp. Stat. 5/2-209(c). In his Amended Complaint, Plaintiff states two grounds for the Court's exercise of jurisdiction over Keesee and Epstein: (1) Keesee and Epstein personally controlled the Subject Matter Websites, and (2) the LLC Defendants are merely the alter egos of the Individual Defendants, who include Keesee and Epstein.

Ordinarily, Illinois law provides that LLCs and other related business entities are legally distinct from their owners, both for jurisdictional and liability purposes. Wachovia Secs., LLC v. Banco Panamericano, Inc., 674 F.3d 743, 751 (7th Cir. 2012) (applying Illinois law). But when that entity "'is used as a cloak or cover for fraud or illegality, to work an injustice, to defend crime, or to defeat an overriding public policy, or where necessary to achieve equity,'" courts are permitted to disregard the corporate form. Id. (quoting 18 Am. Jur. 2d Corporations § 57). Illinois courts will treat the LLC and its members as each other's alter ego when there is "'such unity of interest and ownership that the separate personalities of the corporation and the individual [or other corporation] no longer exist; and second, circumstances [are] such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice.'" Hystro Prods., Inc. v. MNP Corp., 18 F.3d 1384, 1388-89 (7th Cir. 1994) (quoting Van Dorn Co. v. Future Chem. & Oil Corp., 753 F.2d 565, 569-70 (7th Cir. 1985)).

Here, Plaintiff's Amended Complaint demonstrates Defendants' unity of interest and ownership. The Motion Defendants do not contest Plaintiff's allegations that all of the Individual Defendants, including Epstein and Keesee, "jointly own and/or operate the subject matter websites in Florida and/or Wyoming." See Am. Compl. ¶ 59. In addition to the individual ownership, Plaintiff alleges that Defendants have established a pattern where "the individual Defendants routinely transfer ownership of the [Subject Matter] Websites between the various LLC entities . . . ." Id. ¶ 91; see also id. ¶¶ 25, 90 (Mugshots); 32, 88 (Unpublish-Wyo and Unpublish-Fla); 89 (Hammermill-Wyo and Hammermill-Fla). Moreover, Plaintiff alleges that Openbare, Jokulsa, and Julkisuudessa do not, in fact, exist, and that the companies that do exist all operate from the same office, comingle assets, and generally do not observe corporate formalities. Id. ¶¶ 81, 84. The Court finds that Plaintiff has demonstrated a unity of interest and ownership that is sufficient to show that the LLC Defendants do not have separate personalities, and that all are under common control of the Individual Defendants.

Aside from demonstrating the LLCs' common unity, Plaintiff has also alleged facts that show that the individual LLCs were specifically created to deceive consumers, arrestees, and site visitors into believing that the Subject Matter Websites were all owned by independent parties. See, e.g., Am. Compl. ¶¶ 146-49 (alleging that one of the sites states, "UnpublishArrest.com is comprised of experienced agents who are specialists in submitting licensing applications of behalf of it's [sic] clients to 'The Mugshots.com Database' for permanent unpublishing, permanent publishing or editing of arrest records/mugshots contained within 'The Mugshots.com Database.'"). In addition, the Subject Matter Websites used privacy-masking tools to obfuscate the Subject Matter Websites' registration profiles, which describe the contact information for the sites' owners. Plaintiff also alleges (and the Motion Defendants do not contest) that Openbare is a nonexistent sham company (id.

¶¶ 45, 82) and that it "represented itself as an owner and/or operator of mugshots.com, unpublish.com, and/or unpublisharrest.com," See id. ¶ 21. Plaintiff's uncontested allegations about Defendants' use of multiple LLC entities in furtherance of their scheme are sufficient to show that treating the LLC Defendants as separate would sanction fraud. Because the LLC Defendants share a common unity of interest and treating the LLCs separately would promote fraud, the Court finds that the LLC Defendants are the alter egos of the Individual Defendants, sufficient for the Court to have personal jurisdiction over Keesee and Epstein.

The rest of the motion to dismiss concerns the merits of the complaint itself. The Motion Defendants argue that Plaintiff's fraud allegations should be dismissed because Plaintiff has not alleged injury to a legally protected interest, which would divest the Court of subject matter jurisdiction to hear the case, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992), and, if true, means that Plaintiff has also failed to state a claim. See 815 ILCS 505/10a(a) (requiring plaintiff to suffer actual damages before a company's deceptive practice gives rise to a private rise of action under the ICFA); accord Fla. Stat. 501.211(2) (same requirement under the FCPA). In addition, the Motion Defendants claim that Plaintiff has pleaded himself out of court viz. the IRPA and the FRPA. Specifically, they argue that the complaint alleges that Defendants "scrape" mugshots from governmental websites, see Am. Compl. ¶ 99, and that Illinois removed Plaintiff's mugshot on July 27, 2012. The Motion Defendants conclude that these allegations demonstrate that the mugshot had to be published on or before July 27, 2012. Because the action was not filed until November 24, 2014, the Motion Defendants reason, Plaintiff's IRPA claims are time-barred. See Blair v. Nev. Landing P'ship, 859 N.E.2d 1188, 1192 (Ill. App. Ct. 2006) (applying one-year statute of limitations to IRPA claims). Further, Defendants contend that there is no claim under the IRPA or the FRPA because Mugshots' use of the arrest information does not "directly promote" a product or service, which is required to state a claim under those acts. See id. at 1191 (IRPA); Valentine v. C.B.S., Inc., 698 F.2d 430, 433 (11th Cir. 1983) (FRPA).

As Plaintiff did not respond to the motion to dismiss, the Court grants the Motion Defendants' motion. See N.D. Ill. L.R. 78.3 ("Failure to file a supporting or answering memorandum shall not be deemed to be a waiver of the motion or a withdrawal of opposition thereto, but the court on its own motion or that of a party may strike the motion or grant the same without further hearing."). In granting the motion, the Court passes on discussing the merits of the Motion Defendants' argument, and admonishes Plaintiff to address the contentions raised in the motion to dismiss in the event that he decides to file his Second Amended Complaint.

In sum, while the Court finds that there is no dispute of jurisdictional facts, and that the Court may exercise personal jurisdiction over the Motion Defendants, the motion's uncontested arguments are sufficient to warrant a dismissal of the Amended Complaint. Accordingly, Plaintiff's motion is denied, and the Motion Defendants' motion is granted in part and denied in part. Plaintiff is granted leave to file a Second Amended Complaint on or before November 20, 2015, taking care to address the contentions raised in the motion to dismiss.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: October 30, 2015